IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAMUEL C. WOLFORD,

      Petitioner,

      v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NO. 2:12-CV-0461
CRIM. NO. 2:11-CR-016
JUDGE GEORGE C. SMITH
MAGISTRATE JUDGE KING

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  This matter is before the Court on the *Motion to Vacate*, Doc. No. 35,  Respondent's *Motion to Dismiss*, Doc. No. 57, Petitioner's *Response*, Doc. No. 58, and *Brief in Support*, Doc. No. 59, and the exhibits of the parties and follows an evidentiary hearing held on July 17, 2013. *See Transcript of Evidentiary Hearing*, Doc. No. 56 ("*Transcript*").  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss,* Doc. No. 57, be granted and that this action be dismissed.

**I.**

Petitioner's underlying conviction on possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) is the result of his guilty plea made pursuant to his January 26, 2011, negotiated plea agreement.  *Plea Agreement*, Doc. No. 12.  On June 29, 2011, the Court imposed a sentence of 120 months imprisonment plus eight years supervised release.  *Judgment*, Doc. No. 29.  Petitioner did not appeal that judgment.

On May 29, 2012, Petitioner filed the *Motion to Vacate*, alleging the following:

    1.   Ineffective assistance of counsel Sixth Amendment violation.

> Failed to adequately advise timely appeal. Failed to require district court to utilize § 3553(a) factors in determining appropriate sentence. District Court abused discretion procedural error in sentencing[.]
>
> 2. District Court violated procedural law by not properly utilizing § 3553(a) factors when sentencing.
>
> 3. Ineffective assistance of counsel violation of Sixth Amendment by not properly securing right to appeal and requiring District Court to adhere to the stringent rules set forth in § 3553(a).

Counsel was appointed on Petitioner's behalf to represent him at the evidentiary hearing on his claims of ineffective assistance of counsel. *Order,* Doc. No. 49.

## II.

In claims one and three, Petitioner alleges that he was denied the effective assistance of counsel because his attorney failed to properly consult with him regarding the filing of an appeal, *see Roe v. Flores–Ortega*, 528 U.S. 470, 478 (2000), failed to file an appeal, and failed to require that the Court "adhere to. . . rules set forth in § 3553(a)." *Motion to Vacate*. Attorney Brian Rigg, Petitioner's appointed defense counsel, was the only witness to testify at the evidentiary hearing.

Petitioner's conviction followed the execution of a search warrant at Petitioner's residence, during which law enforcement officers seized computers and Petitioner made admissions regarding his possession of child pornography. *Transcript,* PageID #163. The government offered a plea agreement contemplating an *Information* charging possession of child pornography rather than the more serious charge of receipt of child pornography.[1] *Transcript,*

---

[1] With exceptions not applicable to this case, possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) is punishable by a maximum term of imprisonment of ten (10) years. 18 U.S.C. § 2252(b)(2). Receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) is punishable by a mandatory minimum term of imprisonment of 5 years to a maximum term of imprisonment of 20 years. 18 U.S.C. § 2252(b)(1).

PageID #163-64.  Rigg advised Petitioner to accept the offer in view of the evidence against him. *Transcript,* PageID #165-66.

Rigg met personally with Petitioner several times at the Franklin County Jail and also communicated with Petitioner by telephone through the assistance of Petitioner's grandmother. *Transcript,* PageID #156-57.  At no time did Petitioner communicate with Rigg by letter. *Id*.

Although Rigg could not recall with certainty at the time of the evidentiary hearing, he believed that Petitioner was facing up to 180 months incarceration.  The *Presentence Investigation Report* calculated a recommended guideline sentence of 121 to 151 months incarceration, *Transcript,* PageID # 168-169, and the Probation Officer recommended a sentence of 120 months, *i.e*., the statutory maximum. *Id.*  Rigg was hopeful, however, that a sentence of less than ten years might be possible in light of mitigating factors. *Transcript,* PageID #158-59.

Rigg and Petitioner reviewed the *Presentence Investigation Report* and the recommended sentence and discussed how the United States Sentencing Guidelines applied to the case. *Transcript,* PageID #159.  At sentencing, Rigg argued that Petitioner's sentence should be reduced because the criminal history category over-represented Petitioner's criminal past and because of mitigating factors recognized by § 3553(a),[2] *i.e*., Petitioner's "really tough

---

[2] 18 U.S.C. § 3553(a) provides in relevant part:
  (a) Factors to be considered in imposing sentence – The court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed shall consider –
  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
  (2) the need for the sentence imposed –
  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
  (B) to afford adequate deterrence to criminal conduct;
  (C) to protect the public from further crimes of the defendant; and
  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available:
  (4) the kinds of sentence and the sentencing range established for –

3

upbringing" (abuse as a child; raised by grandmother), and mental health and drug/alcohol issues. *Transcript,* PageID #170. Rigg asked for a downward departure from the recommended sentence. As noted *supra*, Petitioner was sentenced to 120 months in prison – *i.e.*, the statutory maximum and the sentence recommended in the *Presentence Investigation Report*.

The sentencing judge reviewed with Petitioner his appellate rights, *Transcript,* PageID #171, but Petitioner did not indicate at sentencing that he wanted to file an appeal, nor did he tell Rigg that he wanted to file an appeal. *Id*. In fact, Rigg could not recall any discussion with Petitioner after the imposition of the sentence, although both he and Petitioner were disappointed with the sentence. *Transcript,* PageID #159-60.

After sentencing, Rigg did not expressly discuss with Petitioner the filing of an appeal or possible issues for appeal because it was his consistent practice to discuss those issues with his clients, prior to sentencing, when they reviewed the *Presentence Investigation Report*. *Transcript,* PageID #162, 169. Moreover, Rigg would discuss how the sentencing judge would proceed at the sentencing hearing, including advice regarding the right to appeal, the time for filing an appeal and the procedure for filing a notice of appeal. Rigg also routinely advised his client that the judge would ask, at the sentencing, whether the defendant intended to pursue an appeal, and would advise that the defendant could let the Court or defense counsel know later if he wanted to pursue an appeal. *Transcript,* PageID #169-70.

As noted *supra*, Petitioner had no contact with Rigg after the sentencing hearing and never asked Rigg to file a notice of appeal. In particular, Rigg received no letter from Petitioner

---

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
(ii) that, except as provided in section 3742(g) are in effect on the date the defendant was sentenced[.]

after sentencing; at the time, Rigg utilized a 24-hour answering service, but he received no telephone call or message from Petitioner. *Transcript,* PageID #160-61; 172-73. Petitioner never indicated to Rigg that he wanted to pursue an appeal. *Transcript*, PageID #175. Had Petitioner done so, either personally or through his grandmother, Rigg would have immediately filed a notice of appeal on Petitioner's behalf, even if the time for filing an appeal had expired. *Transcript*, PageID #176-77. Rigg did not believe that there was an arguably meritorious issue for appeal, in any event, in light of the fact that the sentence actually imposed was one month less than the sentence recommended by the United States Sentencing Guidelines. *Transcript*, PageID #179.

Petitioner did not testify at the evidentiary hearing.

### III.

The failure of an attorney to file a timely notice of appeal at a defendant's request constitutes the ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's failure to appeal a judgment, in disregard of the defendant's request, is ineffective assistance of counsel regardless of whether the appeal would have been successful or not. See *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994); *United States v. Peak,* 992 F.2d 39, 42 (4th Cir. 1993); *United States v. Horodner*, 993 F.2d 191, 195 (9th Cir. 1993); *Bonneau v. United States,* 961 F.2d 17, 23 (1st Cir. 1992); *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991); *Williams v. Lockhart*, 849 F.2d 1134, 1137 n. 3 (8th Cir. 1988). We agree with those courts and hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment.

*Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969) ; *cf. Peguero v. United States*,

5

> 526 U.S. 23, 28, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit"). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores–Ortega,* 528 U.S. at 478.  *In Roe v. Flores–Ortega*, the Supreme Court held that an attorney is constitutionally required to consult with a criminal defendant regarding the filing of an appeal where there is reason to think that "a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal)" or where the "defendant reasonably demonstrated" to his attorney his desire to appeal. *Id.* at 480. A court considering a claim of ineffective assistance of counsel in this context must consider all the circumstances of the case:

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.

*Id*.

In the case presently before the Court, the record does not support Petitioner's claim of ineffective assistance of counsel by reason of a failure to file a notice of appeal.  Indeed, Petitioner does not now argue – as he did previously, *see Motion to Vacate*, Doc. No. 35, PageID #104 -  that he was denied the effective assistance of counsel based on his attorney's failure to file an appeal after having been requested to do so.  *See Petitioner's Response,* Doc. No. 58,

*Brief,* Doc. No. 59. In any event, there is no evidence whatsoever that Petitioner ever requested Rigg to file an appeal on his behalf.

Petitioner continues to pursue his claim that his attorney performed in a constitutionally ineffective manner by failing to consult with him regarding the filing of an appeal.  Referring to U.S.S.G. § 5G1.1(a),[3] Petitioner contends that the record demonstrates a nonfrivolous ground for appeal: *i.e.*, the imposition of the statutory maximum sentence, in light of counsel's testimony at the evidentiary hearing that such a sentence would require consultation with a client regarding the filing of an appeal.  *See Petitioner's Brief in Support*, Doc. No. 59.   The Court is not persuaded by this argument.

As an initial matter, the Court discounts Rigg's testimony - at an evidentiary hearing held approximately two (2) years after Petitioner's sentencing - that Petitioner's conviction could have resulted in a sentence of up to 180 months in prison.  The *Plea Agreement* signed by Petitioner and Rigg on January 26, 2011, Doc. No. 12, correctly specified the 10 year maximum possible sentence in this case, and the February 18, 2011 arraignment, at which Petitioner entered a plea of guilty to the charge, *see Minute Entry*, Doc. No. 20, would  have repeated that advice.  *See* Fed. R. Crim. P. 11(b)(1)(H).  The *Presentence Investigation Report*, which Petitioner reviewed with his counsel, made clear that, although the guideline imprisonment range was 121 to 151 months, the guideline sentence would actually be 120 months in light of the 10 year statutory maximum penalty.  *Presentence Investigation Report*, Doc. No. 24,  p. 19.  The

---

[3]  U.S.S.G. § 5G1.1(a) provides:

§ 5G1.1. Sentencing on a Single Count of Conviction
Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.

Court regards Rigg's testimony at the evidentiary hearing in this regard as based on an understandably faulty memory and not determinative to the resolution of Petitioner's claim.

In any event, the Court concludes that Rigg satisfied his constitutional obligation to consult with his client. Rigg testified that it was his practice to discuss a possible appeal with his clients when they reviewed the presentence investigation report, and he did so in this case. Thus, in the absence of a specific directive by Petitioner to file a notice of appeal, Rigg had no further obligation to Petitioner.

> If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instruction with respect to any appeal.

*Roe v. Flores-Ortega*, 528 U.S. at 478. As noted *supra*, Petitioner did not instruct Rigg to file a notice of appeal on his behalf.

Moreover, the particular circumstances of this case did not impose any additional obligation on Rigg to consult with his client, even in light of the imposition of the statutory maximum sentence. Although both defense counsel and Petitioner had hoped for a sentence of less than ten years, they had no reasonable ground to expect a lower sentence. As noted *supra,* the parties' plea agreement called for a plea of guilty to a charge of possession of child pornography; Petitioner was not charged with the more serious offense of receipt of child pornography. In their *Plea Agreement*, the parties agreed to a total offense level of 33, Doc. No. 12, PageID # 18, and Petitioner understood that the trial judge could impose any sentence up to the statutory maximum. *Id.*, PageID #17. As noted *supra*, defense counsel reviewed with Petitioner the *Presentence Investigation Report,* including the recommendation that Petitioner be sentenced to 120 months in prison in light of the guideline range of 121 to 151 months. Moreover, and contrary to Petitioner's argument now, the trial judge considered the mitigating

factors raised by defense counsel under § 3553(a) prior to the imposition of sentence.  *See Statement of Reasons*, Doc. No. 30, PageID #85 (sealed).

Because the District Court imposed a sentence that was within the properly calculated range recommended under the United States Sentencing Guidelines, that sentence is accorded a "rebuttable presumption of reasonableness."  *See United States v. Asher*, 239 Fed. Appx. 180, 184 (6th Cir. Aug. 8, 2007)(sentence within the properly calculated Guidelines range, even though the statutory maximum, is entitled to a "rebuttable presumption of reasonableness"); *see, e.g., Zendezas v. United States*, 2010 WL 2541726, at *4 (W.D. Mich. June 21, 2010)(statutory maximum, which became the guidelines sentence under U.S.S.G. § 5G1.1(a), is reasonable where the sentencing judge, in imposing sentence, considered the factors under § 3553(a)). "[W]here a sentence falls within the appropriate range under the sentencing guidelines, the burden shifts to the defendant to show that the length of the sentence is unreasonable in light of the § 3553 factors."  *United States v. Oglesby*, 210 Fed. Appx. 503, 507 (6th Cir. Jan. 30, 2007)(citation omitted).  Reversal of such a sentence on appeal requires a showing of substantive unreasonableness such as, for example, "'selecting the sentence arbitrarily, basing the sentence on impermissible factors, failing to consider pertinent § 3553(a) factors, or giving an unreasonable amount of weight to any pertinent factor.'"  *United States v. Hill*, 462 Fed. Appx. 586, 588 (6th Cir. Feb. 17, 2012)(quoting *United States v. Webb,* 403 F.3d 373, 385 (6th Cir. 2005)) (footnote omitted).  The record in this action simply does not support such a showing, nor does it appear that a nonfrivolous ground for appeal was available to Petitioner.  His counsel, therefore, had no obligation to further consult with him.

It is therefore **RECOMMENDED** that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

          *s/ Norah McCann King*
          Norah McCann King
          United States Magistrate Judge

September 18, 2013