IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAMUEL C. WOLFORD,

        Petitioner,

        v.

UNITED STATES OF AMERICA,

        Respondent.

CASE NO. 2:12-CV-0461
CRIM. NO. 2:11-CR-016
JUDGE GEORGE C. SMITH
MAGISTRATE JUDGE KING

**OPINION AND ORDER**

On September 18, 2013, and after holding an evidentiary hearing, the United States Magistrate Judge recommended that Respondent's *Motion to Dismiss*, Doc. No. 57, be granted and that this action be dismissed. *Report and Recommendation,* Doc. No. 60.  Petitioner has objected to that recommendation. *Objection,* Doc. No. 61.  For the reasons that follow, Petitioner's *Objection*, Doc. No. 61, is **OVERRULED.**  The *Report and Recommendation,* Doc. No. 60, is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED.**

Petitioner was convicted of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and was sentenced to 120 months in prison – the maximum sentence authorized by the statute and the sentence recommended by the Sentencing Guidelines - to be followed by 8 years of supervised release.  Petitioner's *Motion to Vacate* alleges that he was denied the effective assistance of counsel because his attorney failed to properly consult with him regarding the filing of an appeal, failed to file an appeal and failed to require that the Court "adhere to . . . rules set forth in § 3553(a)." *Motion to Vacate*.  The Magistrate Judge found that Petitioner never requested his attorney to file an appeal on Petitioner's behalf and concluded that

Petitioner's trial counsel satisfied his constitutional obligation to consult with his client, *see Roe v. Flores-Ortega*, 528 U.S. 470 (2000), and that in any event Petitioner had no non-frivolous grounds for appeal.  Petitioner objects to the Magistrate Judge's conclusion that Petitioner's trial counsel satisfied his constitutional obligation to consult with his client and that Petitioner had no non-frivolous grounds for appeal.

Petitioner's objections, and his surviving claims,[1] are grounded on the premise that he had a non-frivolous basis for an appeal:  the imposition of the statutory maximum sentence, in light of counsel's testimony at the evidentiary hearing that the imposition of a maximum sentence requires the consultation with a client regarding the filing of an appeal.  That testimony was offered in the context of counsel's recollection at the evidentiary hearing that Petitioner faced up to 180 months in prison. The Magistrate Judge discounted that testimony as based on counsel's flawed memory, which the Magistrate Judge attributed to the lapse of time between the events surrounding Petitioner's sentencing and the evidentiary hearing.  *Report and Recommendation*, p. 7. Petitioner objects to that finding and to the conclusions of the Magistrate Judge.

This Court has conducted a *de novo* review. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). The Court is not persuaded by Petitioner's arguments.  As noted by the Magistrate Judge, the *Plea Agreement* that Petitioner and his attorney signed on January 21, 2011, plainly indicates that Petitioner faced a statutory maximum of ten years imprisonment, see Doc. No. 12, as does the *Presentence Investigation Report*, which defense counsel reviewed with Petitioner prior to sentencing.  In fact, the guideline imprisonment range for Petitioner was 121 to 151 months in prison, *i.e.,* above the statutory maximum.  Approximately two years had elapsed since the date

---

[1] Petitioner appears to have abandoned any contention that his attorney improperly failed to file a notice of appeal after having been requested to do so.

of sentencing until the evidentiary hearing. Having reviewed the record, this Court agrees with the findings of the Magistrate Judge in this regard.

This Court likewise concludes that defense counsel satisfied his obligation to consult with his client regarding the filing of an appeal. Petitioner argues that a pre-sentencing consultation regarding an appeal cannot meet the duty to consult under *Roe v. Flores-Ortega*. *Objection*, PageID #61. This Court disagrees. Prior to the sentencing hearing, Petitioner and his attorney reviewed the *Presentence Investigation Report* and were aware of the statutory maximum term of imprisonment, the recommendation of the probation officer, and the arguments that would be made – and in fact were made - by counsel in an attempt to obtain a lower sentence. Further, the Court does not agree with Petitioner's contention that "any rational defendant" would have wanted to appeal the sentence imposed. The charge of possession of child pornography to which Petitioner pleaded guilty pursuant to the terms of a plea agreement was less severe that the charge of receipt of child pornography which Petitioner could have faced.[2] Further, the sentence actually imposed fell within the properly calculated guideline range and considered the mitigating factors raised by Petitioner's counsel at sentencing. The Court did not impose an unanticipated or unreasonable sentence in view of this record.

For all the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court agrees that Petitioner has failed to establish a denial of the effective assistance of counsel.

Petitioner's *Objection*, Doc. No. 61, is **OVERRULED.** The *Report and Recommendation,* Doc. No. 60*,* is **ADOPTED** and **AFFIRMED.** Respondent's *Motion to Dismiss*, Doc. No. 57, **is GRANTED**.

This action is hereby **DISMISSED.**

---

[2] Indeed, the *Complaint* that initiated the prosecution charged Petitioner with receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). *Complaint*, Doc. No. 1.

The Clerk shall enter **FINAL JUDGMENT**.

>     */s/ George C. Smith*
> **GEORGE C. SMITH, JUDGE**
> **UNITED STATES DISTRICT COURT**